E. O. KRETSINGER V. DANIEL WEBER ET AL.

FILED JANUARY 15, 1895.    No. 6013.

**Attorney and Client: DISMISSAL: REVIEW.** An attorney commenced an action for his client in the district court, and on the day set for the trial of the case his client did not appear, and the court, on motion of defendants, dismissed the action. Afterwards the attorney filed a motion, the object of which was to secure a reinstatement of the cause and to be allowed to intervene and prosecute the action for the purpose of obtaining his fees on the ground that the defendants had effected a secret settlement with the plaintiff and paid her a considerable sum of money to dismiss the case or remain away at the time of trial, and thus procure the dismissal. The motion was supported by affidavits, to which the defendants were allowed to, and did, file counter-affidavits. The court, on hearing, overruled the motion. *Held*, Upon examination of the showings made in favor of and against the allowance of the motion, that the ruling of the district court was not erroneous.

ERROR from the district court of Gage county. Tried below before BUSH, J.

*E. O. Kretsinger, pro se*, cited: *Smith v. Chicago, R. I. & P. R. Co.*, 56 Ia., 720; *Kansas P. R. Co. v. Thatcher*, 17 Kan., 92; *Griggs v. White*, 5 Neb., 467; *Oliver v. Sheeley*, 11 Neb., 521; *Reynolds v. Reynolds*, 10 Neb., 574; *Aspinwall v. Sabin*, 22 Neb., 73; *Elliott v. Atkins*, 26 Neb., 403; *Justice v. Justice*, 115 Ind., 208; *Andrews v. Morse*, 12 Conn., 444; *Boyle v. Boyle*, 106 N. Y., 654.

*Alfred Hazlett, contra.*

HARRISON, J.

April 23, 1892, an action was commenced in the district court of Gage county by one Armilda Dean, for herself and her minor children, against Daniel Weber as principal, and other parties named in the petition as defendants, his

sureties on a bond given by him on obtaining license to sell intoxicating liquors in the village of Barnston, to recover damages for the breach of the condition of the bond, by reason of the alleged sales, giving, or furnishing liquor to her husband, Warren W. Dean, at divers and many times. It will not be necessary to further set out the cause for complaint, as the above sufficiently shows the nature of the action. E. O. Kretsinger, plaintiff in error, was attorney for plaintiff in the district court, and at the time the action was instituted filed, with other papers, the following notice:

"In the District Court of Gage County.

"Armilda Dean, plaintiff,
    v.
Daniel Weber, C. Weber, W. F. Kaiser, Henry W. Bertrands, and John Stromer, defendants.    Notice of Attorney's Lien.

"The above defendants and other interested parties will take notice that I claim an attorney's lien in this cause in the sum of $300, and that this cause cannot be settled or dismissed without my rights being protected.

"E. O. Kretsinger,
    "Attorney for Plaintiff.

"Filed April 23, 1892.        R. W. Laflin,
    "Clerk District Court."

An answer was filed by Daniel Weber, and it appears from the record that on November 11, 1892, the cause was set for trial on November 15, 1892, at which date it was called for trial and the plaintiff did not appear, except as we gather from the briefs she was represented by her attorney, Mr. Kretsinger. The defendants were ready for and demanded a trial and the case was on their motion dismissed for want of prosecution, without prejudice to a new action, at cost of plaintiff. On November 19 following, the attorney, Mr. Kretsinger, filed a motion, the object of which was to have the judgment of dismissal set aside and

allow him to become a party to the case and prosecute for the purpose of enforcing his lien for fees.

The motion was supported by an affidavit in which it was stated, among other things, that the affiant had received no fees or compensation for his services in the case, and further stated, upon information and belief, that the defendants had, secretly, and for the purpose of defeating affiant's right to his fee, compromised and settled with plaintiff and paid her a large sum of money, a part of the agreement for such settlement being that plaintiff should dismiss the cause or not attend the trial. The defendants were allowed to file counter affidavits, and the court, after an examination of all the affidavits filed by either party, overruled the motion, and to review this ruling the case has been brought to this court by petition in error on the part of the attorney, E. O. Kretsinger.

The right of plaintiff in error to have the judgment of dismissal vacated and the action reinstated was based upon the facts that the defendants, by a secret settlement and compromise with Mrs. Dean, had procured her non-attendance at the trial. The trial judge determined that the showing made was insufficient to warrant him in setting the judgment aside; and after an examination of all the evidence adduced on the hearing of the application, we do not think that he was wrong, and his disposition of the case is therefore

AFFIRMED.